UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEXIS SUGGS | CIVIL ACTION |
| VERSUS | NO: 21-1327 |
| ALEX MIKKELSEN, ET AL. | SECTION: "A" (4) |

### ORDER

The following motion is before the Court: **Partial Motion to Dismiss for Failure to State a Claim (Rec. Doc. 18)** filed by Defendants Jonathan Downing, Alex Mikkelsen, and Kerry Najolia ( "EJLD Defendants"). Plaintiff Alexis Suggs opposes the motion (Rec. Doc. 27), and EJLD Defendants replied (Rec. Doc. 33). The motion, noticed for submission on November 10, 2021, is before the Court on the briefs without oral argument.[1] For the reasons that follow, the motion is GRANTED IN PART AND DENIED IN PART.

### I. BACKGROUND

Plaintiff Alexis Suggs has filed this complaint pursuant to 42 U.S.C. § 1983 and state law. Defendants are Alex Mikkelsen and Jonathan Downing, officers with the East Jefferson Levee District ("EJLD") Police Department; Kerry Najolia, the Superintendent of Police of the EJLD Police Department; Michael John Naccari, III, a deputy with the Jefferson Parish Sheriff's Office ("JPSO"); and Joseph P. Lopinto, the Sheriff of JPSO. Defendants Mikkelsen, Downing, and Naccari are sued in their individual capacity.

---

[1] Oral argument has been requested but the Court is not persuaded that oral argument would be helpful.

Defendants Najolia and Lopinto are sued in their individual and official capacities.

On July 18, 2020, Plaintiff Suggs was driving her then-fiancé, Terrell Suggs, to the Pizza Hut located at 2312 David Drive in Metairie, Louisiana, when they were pulled over on Little Farms Avenue at approximately 11:18 p.m. (Rec. Doc. 1 at ¶¶17–23). Defendant Officers Mikkelsen, Downing, and Naccari, allegedly stopped Plaintiff because she failed to use a turn signal, yet Plaintiff says that there had been no need to signal because she had been driving straight for almost half of a mile. (*Id.* at ¶¶ 44–45). Plaintiff alleges that the officers acted inappropriately by, among other things, greeting Plaintiff with questions about drugs and weapons without asking for identification first, patting down Mr. Suggs, searching Plaintiff's purse in a location where she could not observe the search despite her request that she be present, withholding Plaintiff and Mr. Suggs for 40-45 minutes, and failing to return Plaintiff's personal property (two or three of the bullets in her registered gun and her driver's license). (*Id.* at ¶¶ 27–30, 38–43, 50). Plaintiff alleges that these actions amount to Fourth Amendment violations and that they were undertaken because she and Mr. Suggs are Black Americans. (*Id.* at ¶ 51).

The events arising out of the July 2020 incident form the basis of Plaintiff's complaint which alleges the following claims pursuant to 42 U.S.C. § 1983: unlawful stop, unlawful extension of detention, unreasonable search of Plaintiff's purse, and unreasonable seizure of Plaintiff's personal property in violation of the Fourth Amendment against Defendants Mikkelsen, Downing, and Naccari; *Monell* liability for failure to train, supervise, and discipline against Defendants Najolia and Lopinto; and a claim for a declaratory judgment against Defendants Mikkelson, Downing, Naccari, Najolia, and Lopinto. The complaint includes state law claims against Defendants as well.

Via the instant motion, Defendants Mikkelsen, Downing, and Najolia, EJLD Defendants, now move pursuant to Federal Rule of Civil Procedure 12(b)(6) to partially dismiss Plaintiff's complaint—specifically, Plaintiff's request for a declaratory judgment and a speedy hearing.

The Court considers the motion below.

## II. **LEGAL STANDARD**

In the context of a Rule 12(b)(6) motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal

conclusions. *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

### **DISCUSSION**

At issue is Count VII of Plaintiff's complaint, wherein Plaintiff seeks a declaration of the rights and duties of the parties pursuant to 28 U.S.C. § 2201 and a speedy hearing pursuant to Federal Rule of Civil Procedure 57.

The Declaratory Judgment Act provides in pertinent part that:

> [i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). Federal Rule of Civil Procedure 57 states that: "[t]hese rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201. . . . The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action." Fed. R. Civ. Proc. 57.

As an initial matter, the Court grants EJLD Defendants' motion to dismiss as to Plaintiff's request for a speedy hearing because Plaintiff does not oppose the motion on that point. Plaintiff states in her opposition that she foregoes her request for a speedy hearing to ensure adequate time for discovery and to develop the record in support of her claims. (Rec. Doc. 27 at p. 6).

In regard to Plaintiff's request for declaratory relief, EJLD Defendants argue in their

motion that Plaintiff has not properly alleged a legal or factual basis for a declaratory judgment to be rendered because she has not alleged that she faces a risk of future harm from the EJLD Defendants, nor has she alleged that she requires a determination of the parties' rights and duties before this controversy becomes ripe. (Rec. Doc. 18 & 18-1 at p. 1).

In Plaintiff's opposition, she requests the Court to deny EJLD Defendants' motion as to the claim for declaratory relief because she is suffering a continuing harm as a result of being racially profiled by EJLD Defendants and faces a real and substantial threat that she will be wronged again. (Rec. Doc. 27 at pp. 6, 13). Plaintiff argues that she is not fully exercising her fundamental constitutional right to travel out of fear that she will be subjected to the same unlawful conduct she experienced. (*Id.* at p. 14). Plaintiff further argues that the complaint alleges sufficient facts to demonstrate that she faces a real or immediate threat that she will be racially profiled and unlawfully stopped in Jefferson Parish again in the future. (*Id.* at pp. 16–17).

In reply, EJLD Defendants argue that Plaintiff has failed to support her position that a plaintiff who alleges one unconstitutional experience with one traffic stop alleges a real or immediate threat that she will be wronged again. (Rec. Doc. 33 at p. 1). EJLD Defendants state that the heart of this issue is controlled by one case alone, *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), and that according to *Lyons*, Plaintiff's allegations do not support a claim for declaratory judgment or other equitable relief.

While the Court acknowledges the parties' extensive briefing on the issue of whether Plaintiff has alleged sufficient facts to demonstrate a substantial likelihood that she will suffer injury in the future, the Court notes that such allegations are necessary for

a claim for injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) (finding that the plaintiff did not satisfy the prerequisites for seeking injunctive relief because he had not demonstrated that there was a sufficient likelihood he would be wronged again in a similar way)*; see also Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997)("[A] plaintiff seeking injunctive relief based on an alleged past wrong must show that there is a real or immediate threat that he will be wronged again"). Here, however, Plaintiff Suggs does not seek an injunction. Rather, she requests a declaration of the parties' rights and duties under the Constitution, and she has sufficiently stated a claim for such. Therefore, the motion is denied as to Plaintiff's claim for a declaratory judgment.

No party should construe this ruling as a finding that the Court finds merit to the allegations made. The Court makes a finding that the Plaintiff may proceed on that claim notwithstanding the arguments made pursuant to this Rule 12(b)(6) motion. No doubt future pleadings will address the merits of this issue.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Partial Motion to Dismiss for Failure to State a Claim (Rec. Doc. 18),** filed by Defendants Alex Mikkelsen, Jonathan Downing, and Kerry Najolia, is **GRANTED IN PART AND DENIED IN PART**. Only Plaintiff's request for a speedy hearing in Count VII of the complaint is dismissed.

May 13, 2022

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE